**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Kevin W. CARLSON, Defendant–Appellant.**

No. 06–30509.

United States Court of Appeals,
Ninth Circuit.

Submitted June 5, 2007 *.

Filed June 14, 2007.

Helen J. Brunner, Esq., Susan B. Dohrmann, Esq., USSE—Office of the

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Miriam F. Schwartz, Esq., FPDWA—Federal Public Defender's Office, Tacoma, WA, for Defendant–Appellant.

Before: RYMER, LEAVY and T.G. NELSON, Circuit Judges.

## MEMORANDUM [**]

Kevin W. Carlson appeals from the sentence imposed following his guilty-plea conviction for possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). We have jurisdiction pursuant to 28 U.S.C. § 1291. We vacate and remand.

Carlson contends that the district court abused its discretion by imposing a condition of supervised release requiring him to submit to plethysmograph testing. We agree. Prior to imposing plethysmograph testing as a condition of supervised release, the district court must determine on the record that the condition: (1) is reasonably necessary to accomplish one or more of the factors listed in 18 U.S.C. § 3583(d)(1); and (2) involves no greater deprivation of liberty than is reasonably necessary. *United States v. Weber*, 451 F.3d 552, 570 (9th Cir.2006). The district court must conduct "a careful, on-the-record assessment of the individual's circumstances, most usefully informed by expert opinion," *see id.* at 567 n. 16, and must explain on the record why less intrusive

alternatives are inadequate, *see id.* at 568. Because the district court's statements at sentencing fell short of these requirements, we vacate the condition that Carlson submit to plethysmograph testing and remand to the district court for further proceedings consistent with *Weber*. *See id.* at 567–70.

## VACATED and REMANDED.

---

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

